IMPERIAL FURNITURE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16929. Promulgated December 20, 1927.

*Julius H. Amberg, Esq.,* and *Frank E. Seidman, C. P. A.,* for the petitioner.
*John F. Greaney, Esq.,* for the respondent.

718 ██

STERKIN: We had occasion to consider what constituted ascertainment of worthlessness in *John E. Saddler*, 2 B. T. A. 1305, from which we quote:

> The ascertainment of the worthlessness of a debt, either in whole or in part, is the exercise of sound business judgment based upon as complete information as is practicably obtainable.

Was petitioner's judgment, that the portion of the debt in controversy was worthless, formed on the basis of such information as was practicably obtainable? The evidence shows that as soon as the amount of the debt was revealed by the preliminary audit of its own books, petitioner caused an audit to be made of the debtor's books; that petitioner's principal officer immediately made a personal investigation of the various assets of the debtor; that he took up the matter of Davies' overdraft with Davies, who disclosed his assets and liabilities; that the account owed by the defaulting phonograph companies was considered practically worthless by Davies and Foote, both of whom were familiar with that class of trade and were supported by the commercial reports (it should be noted that this obligation was being investigated not as the debt in question but as an asset of the debtor); that the plant assets of the debtor were worth much less than book value in the opinion of Foote, who was well qualified to judge such values; and that the debtor's inventory was worth not more than 50 per cent of cost, due to a falling market and the condition of the goods on hand. Foote's judgment as to values as well as to the probable percentage of recovery is amply supported by the testimony of Davies and by subsequent developments. Accordingly, we can only conclude the debt was ascertained to be worthless within the year.

There remains the question whether the charge off was made within the year in compliance with the statute. Prior to the close of the year the bookkeeper was instructed to charge off at the end of the year 50 per cent of the debt as worthless. He did so when the closing entries for the year were made in February or March of the succeeding year. With respect to the requirement that the debt be charged off within the year, in *Mason Machine Works Co.*, 3 B. T. A. 745, we said:

> This language must be interpreted in the light of the ordinary course of business practice. It is not the physical act done within the year to which Congress has referred, but to the setting up of evidence of the ascertainment

of worthlessness substantially as of the date of such ascertainment and in confirmation thereof.

And again, in *George H. Fraser*, 6 B. T. A. 997:

The purpose of the statute appears to be to require that some record be made of the ascertainment of worthlessness. An interpretation of the statute which would deny any deduction except when a charge-off was made upon books of account within the limits of the calendar year, especially when it is considered that closing entries are not usually made until after the close of the year, would work a hardship which we can not believe was intended or is required and would attach to acts which are merely clerical an importance as great is to be given to the substance of the situation. The statute must be given a reasonable interpretation, if possible. Clearly it was the intent that a deduction should be allowed for worthless debts in the year in which worthlessness was ascertained and that the charging off of the debt might take other forms than entries on the books of the taxpayer.

We think the quoted excerpts are controlling in the case at bar. Within the taxable year worthlessness was ascertained and the bookkeeper was instructed to charge the debt off. The deficiency will be recomputed allowing the bad debt deduction as claimed in the amount of $49,934.29.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MORRIS and MURDOCK.