FIRST CITIZENS BANK AND TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71599. Promulgated April 3, 1935.

*F. Morse Hubbard, Esq.*, for the petitioner.
*S. B. Anderson, Esq.*, for the respondent.

### OPINION.

LEECH: On the hearing of this proceeding no evidence was introduced upon issue (a), the disallowance by respondent of the amounts claimed as business expense. Accordingly, on this issue, respondent is sustained.

This leaves for consideration the deductibility of certain debts alleged to have been ascertained to be partially worthless in the taxable year. The controlling provision is section 23 (j) of the Revenue Act of 1928, which provides:

(j) *Bad debts.*—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

Certain debts, listed in our findings in an aggregate amount of $578,608, are established by the evidence to have been ascertained and determined to have been worthless and uncollectible in an aggregate amount of $197,290. This ascertainment and determination was by an examiner for the New York State Banking Department and the vice president and treasurer of petitioner. On the hearing, evidence was presented with respect to each one of the loans in question which, in our opinion, amply sustains the determination made in each instance. The events in connection with these loans, transpiring subsequent to the taxable year, confirm the accuracy of the several determinations. We have, in a number of cases, considered subsequent events in testing the accuracy of determinations of worthlessness of debts, *Imperial Furniture Co.,* 9 B. T. A. 713; *H. H. Brown Co.,* 8 B. T. A. 112, as well as determinations of value, *James Couzens,* 11 B. T. A. 1040.

In *Liberty Insurance Bank,* 14 B. T. A. 1428, this Board held that the requirement of section 234 (a) (5) of the Revenue Act of 1921, which is identical with section 23 (j) of the Revenue Act of 1928, required that debts determined to be worthless in part must be charged off to that extent within the taxable year, to entitle the taxpayer to the deduction. No distinction was drawn between debts determined to be wholly worthless and those worthless in part.

On appeal, the Circuit Court of Appeals for the Sixth Circuit, *Commissioner* v. *Liberty Bank & Trust Co.,* 59 Fed. (2d) 320, reversed that decision, holding that there was no necessity for the taxpayer to charge off, in the taxable year, that portion of a debt determined to be worthless. The court there said:

This statute deals with two classes of debts: Those that have become wholly worthless, and those recoverable only in part. It makes provision for the deduction of each from gross income, providing as to the first that, when " ascertained to be worthless and charged off," a deduction therefor " shall be allowed "; and as to the second, that, when " satisfied that a debt is recoverable only in part the Commissioner may allow such debt to be charged off in part." The allowance as to each class depends on the performance of a precedent act or acts. Those in the first are the ascertainment of worthlessness and the charging off, which must be done by the taxpayer, subject, of course, to the review of the Commissioner as to the reasonableness of the ascertainment. *Sherman & Bryan* v. *Blair, Comm.* (C. C. A.) 35 Fed. (2d) 713; *Deeds* v. *Commissioner*, 47 Fed. (2d) 695 (6 C. C. A.). In the other class the precedent act must be performed by the Commissioner. He must be " satisfied that a debt is recoverable only in part," and, until he is, there can be no charge off, and then only with his permission. The taxpayer being under no duty to make the charge off in this class until the Commissioner permits it to be done, it is sufficient to give him a right to have the Commissioner's ruling reviewed that his claim to a charge off was made and rejected. In this case claims were presented and disallowed. Whether the disallowances by the Commissioner were because of the failure of the taxpayer to charge off the debts in part or were made in the exercise of the discretion which the Commissioner has does not appear. See *Stranahan* v. *Commissioner*, 42 Fed. (2d) 727 (6 C. C. A.) as to the extent of discretion. The Board of Tax Appeals, as we have said, based its decision upon the failure of the taxpayer to charge off the debts in part. We think it should have considered and determined whether the Commissioner abused his discretion in not allowing the charge offs to be made.

In *Allie M. Turbeville*, 31 B. T. A. 283, in considering the same question here presented, we followed the decision of the Circuit Court in *Commissioner* v. *Liberty Bank & Trust Co., supra*, and applied the rule there announced. This Board then said:

As to debts claimed in their entirety, the taxpayer must ascertain them to be worthless and must charge them off. As to debts claimed only in part the Commissioner " must be satisfied that the debt is recoverable only in part and until he is there can be no charge off and then only with his permission ". But this ruling may be reviewed and reversed if it appears that in disallowing the charge off to be made he abused his discretion.

We are not advised as to the position taken by respondent upon the application of this rule to the present proceeding. He has not filed a brief nor did his counsel argue the question at the hearing. It does appear, however, that the claim for the deduction of this partially worthless indebtedness satisfies the requirements of the applicable regulation,[1] except, in the one particular, that there was no charge-off during the taxable year. It is assumed that it was for

---

[1] ART. 191, Regulations 74. *Bad debts.* * * * Where banks or other corporations which are subject to supervision by Federal authorities (or by State authorities maintaining substantially equivalent standards) in obedience to the specific orders, or in accordance with the general policy of such supervisory officers, charge off debts in whole or in part, such debts shall, in the absence of affirmative evidence clearly establishing the contrary, be presumed, for income tax purposes, to be worthless or recoverable only in part, as the case may be.

this reason the disputed deduction was denied. However, since the hearing in this proceeding, we note the publication of G. C. M. 13114, C. B. XIII-1, p. 116, reading as follows:

Advice is requested whether the decision of the Circuit Court of Appeals (Sixth Circuit) in *Liberty Bank & Trust Co.* v. *Commissioner* (59 Fed. (2d), 320) should be followed generally in determining the deductibility of *partially* worthless debts under the Revenue Acts of 1921, 1924, 1926 and 1928.

\*    \*    \*    \*    \*    \*    \*

It is the opinion of this office that in order to have the benefit of such a deduction, there must have been an ascertainment by the taxpayer of partial worthlessness *within the taxable year*. The charge-off in such a case, being a technical requirement, may be made after the taxable year. The allowability of the deduction is, of course, subject to the discretion of the Commissioner. This conclusion is applicable to all cases involving the deductibility of *partially* worthless debts under the Revenue Acts of 1921, 1924, 1926 and 1928.

It would seem that petitioner's claim to the deduction of the uncollectible items, appearing in our findings, satisfies the requirement of the controlling statute as now construed and applied by respondent.[2] We hold that, in computing its taxable income for the calendar year 1930, petitioner is entitled to the deduction of those amounts of the several debts, properly ascertained to be worthless in that year, as set out in our findings of fact.

*Judgment will be entered under Rule 50.*

---

[2] It may be noted that, a definite limitation upon the deductibility of partially worthless debts, to amounts charged off during the taxable year, appears in sections 23 (j) and 23 (k) of the Revenue Acts of 1932 and 1934, respectively.